**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JAMES E. BARNARD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-2589 |
| | § | |
| BANK OF AMERICA, N.A. (USA), *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER ON PENDING MOTIONS**

Defendants Bank of America, N.A. (USA) and Kenneth D. Lewis have moved to dismiss under Rule 12(b)(6) and for a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure. (Docket Entry No. 8).

In considering a motion to dismiss under Rule 12(b)(6), the district court must construe the allegations in the complaint favorably to the pleader and must accept as true all well-pleaded facts in the complaint. *See Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir.1997). Dismissal of a claim is improper "unless it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir.1994). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir.1993). In challenging the sufficiency of the complaint under Rule 12(b)(6), the

defendant bears the burden of proving that "no relief could be granted under any set of facts that could be proved consistent with the allegations" in the complaint. *Hishon v. King & Spalding,* 467 U.S. 69, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984).

The pleading of RICO claims, which are based on predicate acts of fraud, are subject to the heightened pleading requirements of Fed. R. Civ. P. 9(b).[1] *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1138-39 (5th Cir.1992) (Rule 9(b)'s particularity requirement "applies to the pleading of fraud as a predicate act in a RICO claim"); *Walsh v. America's Tele-Network Corp.*, 195 F.Supp.2d 840, 846 (E.D. Tex.2002) ("To properly plead RICO claims under Rule 9(b), the plaintiffs must plead the time, place and contents of the false representations, as well as the identity of the person making the misrepresentations and what the person obtained by the representations."); *Heden v. Hill*, 937 F.Supp. 1230, 1243 (S.D. Tex.1996) ("[A]llegations of mail fraud and wire fraud must be made with the particularity required by Fed. R. Civ. P. 9(b)"). Under Rule 9(b), "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). Particularity, at a minimum, requires allegations as to the time, place, and the contents of the representation upon which the fraud is based, as well as the identity of the

---

[1] Any RICO cause of action based on 18 U.S.C. § 1962 requires proof of "1) a person who engages in 2) a pattern of racketeering activity 3) which is connected to the acquisition, establishment, conduct or control of an enterprise." *Crowe v. Henry*, 43 F.3d 198, 204 (5th Cir.1995). A "pattern of racketeering," in turn, "requires at least two acts of racketeering activity," 18 U.S.C. § 1961(5), and must be proven with evidence of: "1) predicate acts – the requisite racketeering activity, and 2) a pattern of such acts." *In re Burzynski*, 989 F.2d 733, 742 (5th Cir.1993). The predicate acts of mail fraud in violation of 18 U.S.C. § 1341, and wire fraud in violation of 18 U.S.C. § 1343 are acts that, if proven, constitute "racketeering activity" within the meaning of 18 U.S.C. § 1962. See 18 U.S.C. § 1961(1) (definition of "racketeering activity" and enumerated offenses).

person making the representation, and the objective of the fraud.  *Tel-Phonic*, 975 F.2d at 1139; *Bonton v. Archer Chrysler Plymouth, Inc*., 889 F.Supp. 995, 1004 (S.D. Tex. 1995).  Rule 9(b) also, in the civil RICO context, requires that the plaintiff specifically allege how each act of fraud furthered the fraudulent scheme, *Heden*, 937 F.Supp. at 1243, and how each defendant participated in the fraud.  *DiVittorio v. Equidyne Extractive Ind., Inc.*, 822 F.2d 1242, 1247 (2nd Cir. 1987); *Walsh,* 195 F.Supp.2d at 846; *Thornton v. Micrografx, Inc*., 878 F.Supp. 931, 937 (N.D. Tex. 1995).  It is not enough for the plaintiff vaguely to attribute the alleged fraudulent activity to the "defendants" collectively.  *See Mills v. Polar Molecular Corp*., 12 F.3d 1170, 1175 (2d Cir. 1993); *Vicom, Inc. v. Harbridge Merch. Servs., Inc.,* 20 F.3d 771, 777-78 (7th Cir. 1994); *In re Mastercard Int'l, Inc. Internet Gambling Litigation*, 132 F.Supp.2d 468, 482 (E.D. La. 2001).

      Plaintiff Barnard has not alleged, with the particularity required by Rule 9(b), what Bank of America and the other defendants did that constituted or was in furtherance of fraud.  There are no particularized allegations regarding what made the commercial paper referred to in the complaint "worthless" or "fraudulent; what documents contain what false information, no allegations regarding the date(s) when such documents were transmitted in furtherance of the fraudulent scheme; and no allegations regarding each defendant's specific role in the scheme.  Defendants are entitled to such specifics under Rule 9(b).  The RICO claims are subject to dismissal unless Barnard, within fourteen (14) days after the entry of this order, files an amended complaint that sets forth with particularity as required by Rule 9(b) and Rule 12(e), the predicate acts that support the RICO claims.

"If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. . . ." Fed. R. Civ. P. 12(e). A motion for more definite statement should be denied if the movant is reasonably able to respond to the pleading. *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 131-132 (5th Cir. 1959); *Neagley v. Atascosa County EMS*, 2005 WL 354085 (W.D. Tex. 2005). Only when a pleading is so vague and ambiguous that a responsive pleading cannot be framed is a more definite statement warranted. *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999); 5C CHARLES ALLEN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1376 (3d ed. 2004).

Because Barnard is required to replead his predicate acts of fraud to conform with Rule 9(b), and because the complaint in general is so ambiguous as to the factual basis for the claims alleged as to preclude a reasonable response, the Motion for More Definite Statement is granted. The Motion to Dismiss under Rule 12(b)(6) is denied, but without prejudice to being re-urged if Barnard timely files an amended complaint that sets forth with particularity, as required by Fed. R. Civ. P. 9(b), the RICO and fraud-based claims. Defendants' Motion for More Definite Statement is granted. No later than December 2, 2005, Barnard must file an amended complaint that provides a more definite statement of all claims alleged. If Barnard declines to replead, the RICO claims will be dismissed.

Plaintiff Barnard has moved for an order requiring the attorneys for defendants, Melissa Nicholson Sternfels and Hirsch & Westheimer, P.C. to produce proof that they are representing Bank of America, N.A. (USA) and Kenneth D. Lewis. (Docket Entry No. 21). Defendants have responded, pointing out that they have signed the answer and other pleadings and have appeared on behalf of defendants. No further production is required; the motion to produce proof is denied.

SIGNED on November 15, 2005, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge